# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> FOR THE USE OF GT CONTRACTING ) <br> CORPORATION ) <br>    1447 Pennsylvania Avenue, S.E. ) <br>    Washington, DC  20003 ) <br> ) <br>        and, ) <br> ) <br> GT CONTRACTING CORPORATION ) <br>    1447 Pennsylvania Avenue, S.E. ) <br>    Washington, DC  20003 ) <br> ) <br>            Plaintiffs, ) <br> ) <br> v.                                                                   ) <br> ) <br> GRUNLEY CONSTRUCTION ) <br> COMPANY ) <br>    Serve: Registered Agent ) <br>    Royal Service Company Inc. ) <br>    5335 Wisconsin Ave., N.W., Ste. 440 ) <br>    Washington, DC  20015 ) <br> ) <br>        and, ) <br> ) <br> ENVIRONMENTAL DESIGN & ) <br> CONSTRUCTION, LLC ) <br>    1108 Good Hope Road, S.E. ) <br>    Washington, DC  20020 ) <br> ) <br>        and, ) <br> ) <br> THE CONTINENTAL INSURANCE ) <br> COMPANY ) <br>    Serve: Registered Agent ) <br>    CT Corp. ) <br>    1015 15th St., N.W., Ste. 1000 ) <br>    Washington, DC  20005 ) <br> ) <br>        and, ) | Case No. 1:15-CV-01276 |

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY | ) |
|    Serve: Registered Agent | ) |
|    Corporation Service Company | ) |
|    1090 Vermont Ave., N.W., Ste. 430 | ) |
|    Washington, DC  20005, | ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |

# COMPLAINT

GT Contracting Corporation, by counsel, in its own name and in the name of the United States of America, files the instant Complaint against Grunley Construction Company, Environmental Design & Construction, LLC, The Continental Insurance Company, and Liberty Mutual Insurance Company, setting forth the following:

## Jurisdiction

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, at 40 U.S.C. § 3133(b) as pled in Count III, IV and V.  This Court has supplemental jurisdiction over the state law claims as pled in Counts I and II pursuant to 28 U.S.C. § 1367.

## Venue

2. The contract at issue was performed in the District of Columbia.  Venue, therefore, lies in the United States District Court for the District of Columbia pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## Parties

3. GT Contracting Corporation ("GT") is a corporation organized pursuant to the laws of the Commonwealth of Virginia, engaged in the business of installing concrete for public and private construction projects.

2

4.     Grunley Construction Company ("Grunley") is a corporation organized pursuant to the laws of the State of Maryland, and represented itself to GT to be a company permitted to perform construction services in the District of Columbia as a general contractor.

5.     Environmental Design & Construction, LLC ("Environmental") is a limited liability company organized pursuant to the laws of the District of Columbia that performs construction services in the District of Columbia.

6.     The Continental Insurance Company ("Continental") is a corporation organized pursuant to the laws of the Commonwealth of Pennsylvania and doing business in the District of Columbia.

7.     Liberty Mutual Insurance Company ("Liberty") is a corporation organized pursuant to the laws of the Commonwealth of Massachusetts and doing business in the District of Columbia.

**Facts**

8.     On or about June 30, 2009, the U.S. General Services Administration contracted with Grunley on a project known as "Renovation of the Mary Switzer Building" (the "Project"), pursuant to contract number GS-11P-MKC-0036 (the "Prime Contract").

9.     Grunley's scope of Work under the Prime Contract included concrete work.

10.    On a date unknown to GT, Grunley contracted with Environmental for Environmental to provide concrete work for the Project (the "Subcontract").

11.    On or about August 23, 2012, Environmental contracted with GT to provide concrete work for the Project (the "GT Subcontract"). A copy of the GT Subcontract is attached as Exhibit A.

12. Pursuant to the GT Subcontract, GT provided concrete work on the Project and incorporated labor and materials into the Project.

13. Grunley and Environmental benefited from the concrete work provided on the Project by GT.

14. Environmental has failed to make payment to GT in a timely manner, and to pay interest on amounts due and outstanding after that time.

15. The GT Subcontract further entitles GT to award of attorneys' fees and costs associated with any claim between GT and Environmental.

16. All materials, labor, and services provided by GT met all specifications made known to GT and were accepted by Grunley and Environmental for use in and incorporation into the Project.

17. Environmental failed to pay GT $119,400.41 due for materials, labor, and services provided to Environmental.

18. GT last provided labor and materials to the Project on October 29, 2014.

19. On or about July 23, 2009, Grunley as principal and Continental and Liberty as sureties executed a payment bond (the "Bond") pursuant to the requirements of the Miller Act with a penal sum of $34,941,000.00, as required by the U.S. General Services Administration. A copy of the Bond is attached as Exhibit B.

20. On November 22, 2013, GT delivered to Grunley by process server written notice of a claim in the amount of $96,892.90, which notice was received by Grunley within 90 days from the date on which GT performed the last of the labor or furnished or supplied the last of the material for which the claim was made.

21. Work on the Project thereafter resumed, additional work was requested of GT by Environmental and performed by GT, and a second written notice of claim in the amount of $67,301.00 was sent by certified mail, return receipt requested, to Grunley and received by Grunley on January 26, 2015, which was within 90 days from the date on which the GT performed the last of the labor or furnished or supplied the last of the material for which that claim was made.  A third notice of claim was sent by certified mail on February 6, 2015 to Grunley, and received by Grunley on February 10, 2015, in the amount of $119,400.41, reflecting the balance remaining due from the two previous notices of claim.

### Count I:  Breach of Contract
### (Environmental)

22. GT incorporates by reference the allegations set forth in Paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23. GT has performed all of its obligations under the GT Subcontract and any other obligations which may be applicable.

24. Environmental has breached its contract with GT in that it has failed and refused to pay GT in full for materials, labor, and services furnished in the prosecution of the Project work provided for in the GT Subcontract, which was in turn provided for in the Prime Contract.

WHEREFORE, GT, by counsel, moves this Court to enter judgment in its favor and against Environmental under this Count I in the amount of $119,400.41, plus costs, attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate, all jointly and severally with any judgments rendered in its favor under Counts II, III, IV, and V.

### Count II:  Unjust Enrichment
### (Grunley and Environmental)

25. GT incorporates by reference the allegations set forth in Paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. Grunley and Environmental have collectively and individually failed to pay GT for the materials, labor, and services that it received from GT, which benefitted Grunley and Environmental.

WHEREFORE, GT, by counsel, moves this Court to enter judgment in its favor and against Grunley and Environmental under this Count II in the amount of $119,400.41, plus costs, attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate, all jointly and severally with any judgments rendered in its favor under Counts I, III, IV, and V.

### Count III:  Miller Act Payment Bond
### (Grunley, Continental, and Liberty)

27. GT incorporates by reference the allegations set forth in Paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Grunley, Continental, and Liberty are jointly and severally obligated, pursuant to the Bond, to pay GT the amounts due by Environmental, pursuant to 40 U.S.C. § 3133(b)(1).

WHEREFORE, GT, by counsel, moves this Court to enter judgment in its favor and against Grunley, Continental, and Liberty under this Count III in the amount of $119,400.41 plus costs, attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate, all jointly and severally with any judgments rendered in its favor under Counts I, II, IV, and V.

### Count IV:  Miller Act Payment Bond Alternative Relief
### (Grunley, Continental, and Liberty)

29. GT incorporates by reference the allegations set forth in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30. Grunley, Continental, and Liberty are jointly and severally obligated, pursuant to the Bond, to pay GT the amounts due by Environmental, pursuant to 40 U.S.C. § 3133(b)(1).

31. In the alternative to the relief requested in Counts III and V, should the Court find lacking any notice requirement addressed in paragraphs 20 and 21, GT, by counsel, moves this Court to enter judgment in its favor and against Grunley, Continental, and Liberty under this Count IV in the amount of $96,892.90, plus costs, attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate, all jointly and severally with any judgments rendered in its favor under Counts I, II, III, and V.

### Count V:  Miller Act Payment Bond Alternative Relief
### (Grunley, Continental, and Liberty)

32. GT incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. Grunley, Continental, and Liberty are jointly and severally obligated, pursuant to the Bond, to pay GT the amounts due by Environmental, pursuant to 40 U.S.C. § 3133(b)(1).

34. In the alternative to the relief requested in Count III and IV, should the Court find lacking any notice requirement addressed in paragraphs 20 and 21, GT, by counsel, moves this Court to enter judgment in its favor and against Grunley, Continental, and Liberty under this Count V in the amount of $67,301, plus costs, attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems appropriate, all jointly and severally with any judgments rendered in its favor under Counts I, II, III, and IV.

GT CONTRACTING CORPORATION

By: _____
Robert K. Richardson, its counsel
D.C. Bar No. 287870
Counsel for Plaintiff
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia  20190
(703) 218-2126 Telephone
(703) 218-2160 Facsimile
Robert.Richardson@ofplaw.com

#2721653v7

8